# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**ROBERT J. JACOBSON,**
                    **Petitioner,**

    **v.**                                                          **Case No.  14-CV-00296**

**TIMOTHY DOUMA,**
                    **Respondent.**

---

## <u>ORDER</u>

Robert Jacobson, proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner is currently incarcerated in the New Lisbon Correctional Institution. Petitioner was convicted on July 31, 2001 in Forest County Circuit Court of three counts of attempted first degree intentional homicide under Wis. Stat. §§ 939.32, 940.01(a). He was sentenced to 36 years incarceration.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.  If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2254 Cases. Having reviewed the petition, I conclude that it does not plainly appear that the petitioner is not entitled to relief in the district court. Accordingly, I will order respondent to respond to the petition.

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent shall **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**IT IS FURTHER ORDERED** that the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have 45 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 30 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed 30 pages and reply briefs must not exceed 15 pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form.

Pursuant to the Memorandum of Understanding between the Attorney General and this court, copies of the petition and this order are being sent today to the Attorney General for the State of Wisconsin for service upon the respondent.

Dated at Milwaukee, Wisconsin, this 24th day of March, 2014.

s/ Lynn Adelman

_____
LYNN ADELMAN
District Judge