**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

_____

**ROBERT J. JACOBSON,**
          **Petitioner,**

v.                                                                **Case No. 14-cv-0296**

**TIMOTHY DOUMA, Warden,**
**New Lisbon Correctional Institution,**
          **Respondent.**
_____

## **DECISION AND ORDER**

Robert Jacobson filed a petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. On July 31, 2001, petitioner was convicted in Forest County of three counts of attempted first degree intentional homicide under Wis. Stat. §§ 939.32, 940.01. He was sentenced to three consecutive 12-year sentences and is currently incarcerated at New Lisbon Correctional Institution. Respondent has filed a motion to dismiss.

Petitioner challenges his state court conviction on the grounds that there was insufficient evidence to convict him of two of the three counts of attempted first degree homicide, and that his conviction of those counts therefore violated petitioner's constitutional right to due process under the Fourteenth Amendment. Respondent asks me to dismiss the petition because (1) it was filed outside of the one-year limitation period under 28 U.S.C. § 2244(d) and (2) petitioner procedurally defaulted on his insufficient evidence claims in state court.

I may not review a habeas petition that is filed outside the one-year limitation period prescribed by § 2244(d) unless a petitioner shows grounds for equitable tolling, *Holland v.*

*Florida*, 560 U.S. 631, 645 (2010), and I may not review claims for habeas relief which the state court deemed procedurally defaulted unless petitioner shows cause for the default and prejudice from the asserted error, *House v. Bell*, 547 U.S. 518, 536 (2006). Petitioner concedes that he filed his petition well outside the one-year limitation period, that he has not met the standard for equitable tolling of the limitation period, that the Wisconsin Court of Appeals deemed his sufficiency of the evidence claims to be procedurally defaulted under Wisconsin law, and that he has not shown cause or prejudice to excuse his procedural default.[1] Rather, petitioner argues that because he claims to be able to demonstrate actual innocence, I may and should permit his petition to move forward despite the time bar and procedural default.

If petitioner can show "actual innocence," I may review habeas claims even if petitioner's one-year limitation period has expired or if petitioner has procedurally defaulted on his claims in state court. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013) ("[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations."). The Supreme Court first articulated the test for showing actual innocence, known as the

---

[1] I agree with the parties that petitioner's claims are time-barred. Under 28 U.S.C. § 2244(d)(1)(A), petitioner's time for filing for federal habeas relief expired one year after his time to petition the United States Supreme Court for review expired, or on October 31, 2005. This deadline was briefly tolled from July 2005 to October 2006 when petitioner's *Knight* petition was pending before the Wisconsin Court of Appeals, giving petitioner until roughly February 2007 to file for federal habeas relief. This petition was filed in March 2014, well outside the time period.

I also agree that petitioner procedurally defaulted on his insufficient evidence claims. Petitioner first raised these claims in 2010 during his second round of state collateral post-conviction relief attempts, and the Wisconsin Court of Appeals concluded that the claims were barred based on independent state procedural grounds. *See* Resp't's Br. in Supp., Exh. F (ECF No. 9-6).

2

miscarriage of justice exception or the actual-innocence exception, in *Schlup v. Delo*, stating that "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." 513 U.S. 298, 327 (1995). The Court explained that "[w]ithout any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Id.* at 316.

Despite *Schlup*'s requirement of new evidence of innocence, petitioner contends that in light of the Supreme Court decision in *Bousley v. United States*, 523 U.S. 614 (1998), new evidence of innocence is not required in a case where, as here, petitioner asserts underlying constitutional claims of insufficient evidence to support conviction. Rather, he argues, I may rely on the historical record alone in applying the actual innocence standard. In *Bousley*, petitioner pled guilty to "using" a firearm in violation 18 U.S.C. § 924(c)(1), but five years later, the Court interpreted the term "use" within the meaning of the statute in such a way that called into question whether petitioner had actually "used" a firearm within the meaning of the statute. *Id.* at 616. Petitioner petitioned for habeas relief, claiming that his plea lacked a factual basis, which petitioner likens to his insufficient evidence claim. The Court remanded the case to the district court to permit the petitioner to attempt to make a showing of actual innocence. *Id.* at 623. In doing so, the Court stated that "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* (internal quotations omitted).

The Court's omission of the "new evidence" language from the traditional *Schlup* test is best explained, not as petitioner argues by virtue of his underlying constitutional claim that his plea lacked a factual basis, but rather by the fact that *Bousley* dealt with a guilty plea rather than a finding of guilt by a jury. Because the petitioner in *Bousley* pled guilty, all evidence of innocence was "new" evidence–there was no initial trial at which "old" evidence was presented. *See House*, 547 U.S. at 538 (noting that "a *Schlup* claim involves evidence the trial jury did not have before it"); *Bousley*, 523 U.S. at 630 (Scalia, J., dissenting) (noting the problems with applying the "new evidence" requirement of the actual-innocence exception to cases involving pleas). Thus, the term "new evidence" did not make sense in the plea context, but the Court did require the district court to examine "all the evidence" and permitted the parties to "present any admissible evidence" on remand. *Bousley*, 523 U.S. at 623–24.

Case law subsequent to *Bousley* supports this conclusion. Since *Bousley*, the Supreme Court has reiterated the requirement that petitioner show new evidence of innocence in order to take advantage of the actual-innocence exception without qualifying that the new evidence requirement does not apply when certain underlying constitutional claims, like insufficient evidence, are asserted. *See, e.g.*, *McQuiggin*, 133 S. Ct. at 1935 ("To invoke the miscarriage of justice exception, . . . a petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." (internal quotations omitted)); *House*, 547 U.S. at 537 ("To be credible a gateway claim requires new reliable evidence."(internal quotations omitted)). Since *Bousley*, the Seventh Circuit has also consistently required a showing of new evidence in

4

order to take advantage of the actual-innocence exception. *See McDowell v. Lemke*, 737 F.3d 476, 483 (7th Cir. 2013) ("[P]roof [of actual innocence] must take the form of 'new reliable evidence.'"); *Gomez v. Jaimet*, 350 F.3d 673, 680 (7th Cir. 2003) ("[M]erely putting a different spin on evidence that was presented to the jury does not satisfy the *Schlup* requirements, but if a petitioner comes forth with evidence that was genuinely not presented to the trier of fact then no bar exists to the habeas court evaluating whether the evidence is strong enough to establish the petitioner's actual innocence claim."); *see also U.S. v. Wade*, 587 Fed. Appx. 200, 201 (5th Cir. 2014) (holding that petitioner, who brought an insufficient evidence claim, failed to show new evidence of innocence and thus could not invoke the actual-innocence exception); *Whitworth v. Price*, 90 Fed. Appx. 458, 460 (6th Cir. 2004) (same).

In this case, petitioner was convicted by a jury after a trial; therefore, he must produce new evidence that was not considered by the jury in order for the actual-innocence exception to apply.

Petitioner contends that even if new evidence is required, he has shown new evidence to satisfy the *Schlup* standard. Specifically, he argues that his trial counsel was ineffective because he focused on an alibi defense and failed to present the jury with alternative defenses, and that these alternative defenses constitute new evidence which the jury did not consider. In requiring new evidence of innocence, the Supreme Court gave examples of the type of "new reliable evidence" it had in mind, listing "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Schlup*, 513 U.S. at 324. Petitioner's showing of "new evidence" does not meet this standard. Alternate

5

defenses themselves are not evidence. *See, e.g.*, Seventh Circuit Federal Civil Jury Instructions § 1.04 (2005) ("Evidence" consists of "testimony of the witnesses, the exhibits admitted into evidence, and stipulations."). Nor is the claim that petitioner's counsel was ineffective for failing to raise those alternate defenses. By asking me to consider alternate defenses, petitioner does not present new evidence; rather, he asks me to review evidence admitted at trial in a new light. Without a showing of reliable new *evidence*, petitioner cannot invoke the actual innocence exception to overcome the time bar and procedural default. Thus, I will dismiss petitioner's claims as time-barred and procedurally defaulted.

**THEREFORE, IT IS ORDERED** that respondent's motion to dismiss (ECF No. 8) is **GRANTED**. The Clerk of Court shall enter final judgment. Pursuant to Rule 11 of the Rules Governing § 2254 Cases, I find that petitioner has not made the showing required by 28 U.S.C. § 2253(c)(2), and therefore I will not issue a certificate of appealability.

Dated at Milwaukee, Wisconsin, this 29th day of January, 2015.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge